UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUAWEE L. JOHNSON, | Civil Action No. 24-10873 (SDW-MAH) |
| Plaintiff, | |
| v. | OPINION |
| SGT. JORDAN, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about December 2, 2024, *pro se* Plaintiff Quawee L. Johnson, a convicted and sentenced state prisoner confined in Northern State Prison, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1). This Court granted Plaintiff's *in forma pauperis* application on December 5, 2024. (ECF No. 4).

2. The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

3. To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action

will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4.  This Court "must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim." *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023). Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). However, "*pro se* litigants must still allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5.  Plaintiff alleges Sergeant Jordan and Sergeant Scank used excessive force against him on September 23, 2024. (ECF No. 1 at 3). He states that when he was being placed into a new cell, the current occupant of the cell refused to allow Plaintiff to enter. (*Id.*) Sergeant Jordan called Sergeant Scank over to "force [Plaintiff] inside." (*Id.*) Plaintiff, who was handcuffed behind his back, complied with an order to "back up" when he was "grabbed and slammed on the floor." (*Id.*) He alleges that he suffered back and neck injuries as a result. (ECF No. 1-3 at 1).

6.  Accepting the factual allegations as true and giving Plaintiff the benefit of all reasonable inferences, this Court will permit the excessive force claim to proceed against Sergeant Jordan and Sergeant Scank.[1] This Court will also exercise supplemental jurisdiction over any related state law claims of assault and battery. 28 U.S.C. § 1367(a).

---

[1] The preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service. *See Richardson v. Cascade Skating Rink*, No. 19–08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] §1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

2

7. Plaintiff has failed to state a claim against Victoria Kuhn, Sergeant Stokes, and Callicchio, however. There are no facts in the complaint setting forth their alleged involvement in the incident, and "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs … ." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). This Court will dismiss these defendants without prejudice.

8. Plaintiff also moves for the appointment of *pro bono* counsel. (ECF No. 2). The appointment of counsel in a civil case is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint counsel "must be made on a case-by-case basis." *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993). As a threshold matter, this Court must first determine whether Plaintiff's claim has "arguable merit in fact and law." *Id.* at 155. This Court concludes this factor is satisfied as the complaint is being permitted to proceed in part.

9. Next, this Court must consider: (1) Plaintiff's ability to present his own case; (2) the "complexity of the legal issues"; (3) the "degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations"; (4) the "amount a case is likely to turn on credibility determinations"; (5) "whether the case will require the testimony of expert witnesses"; and (6) whether Plaintiff "can attain and afford counsel on his own behalf." *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5).

10. Plaintiff's motion is silent on these factors. (*See* ECF No. 2 at 2). Therefore, this Court will deny the motion without prejudice. Plaintiff may reapply for counsel by submitting a motion addressing the *Tabron* factors.

11. An appropriate order follows.

                                                                      _____
Hon. Susan D. Wigenton,
United States District Judge

Dated: February 13, 2025