UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUAWEE L. JOHNSON, | : |
| Plaintiff, | : Civil Action No. 24-10873 (SDW) (MAH) |
| v. | : |
| SGT. JORDAN, et al., | : OPINION |
| Defendants. | : |

I.         INTRODUCTION

Presently before the Court is the motion by Plaintiff pro se Quawee L. Johnson ("Plaintiff") for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). Second Mot. for Appointment of Pro Bono Counsel, July 29, 2025, D.E. 12. The Court has received no opposition to the motion. The Undersigned has considered this matter without oral argument. Fed. R. Civ. P. 78; Local Civ. R. 78.1. For the reasons set forth below, Plaintiff's motion is **denied**.

II.         BACKGROUND

Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 on December 2, 2024. Compl., D.E. 1; Order, Dec. 5, 2024, D.E. 4. The allegations below are gleaned from Plaintiff's complaint.[1] *See* Compl. Plaintiff contends that Defendants Sergeant Jordan and

---

[1] On March 20, 2025, Plaintiff filed an "Amended Complaint." Am. Compl., D.E. 11. Although the validity of this submission is not before the Court in the instant matter, the document appears to be more of a supplemental letter addressing issues arising after Plaintiff initiated the action than an "Amended Complaint." Because "[c]omplaints filed pro se should be construed liberally," *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023), the Court relies on Plaintiff's original complaint, of which two claims were allowed to proceed. Op., Feb. 10, 2025, D.E. 5.

Sergeant Scank (together, "Defendants") violated Plaintiff's civil rights while he was incarcerated in Northern State Prison by using excessive force against him. *Id.* at 3. More specifically, Plaintiff alleges on September 23, 2024, he was blocked from entering his new cell by the inmate already occupying the cell. *Id.* Plaintiff, handcuffed behind his back, was ordered to "back up" by an unspecified person. *Id.* Plaintiff alleges when he complied, he was "grabbed and slammed on the floor," resulting in back and neck injuries. *Id*; Initial Notice of Claims for Damages, D.E. 1-3.

In conjunction with filing his complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") on December 2, 2024. Appl. to Proceed IFP, D.E. 1-1. The Honorable Susan D. Wigenton, United States District Judge, granted that application on December 5, 2024. Order, D.E. 4. Also in conjunction with his complaint, Plaintiff filed his first motion for appointment of pro bono counsel. Mot. for Appointment of Pro Bono Counsel, Dec. 2, 2024, D.E. 2.

In a written Opinion, Judge Wigenton screened Plaintiff's complaint as part of the IFP screening process, pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), and ruled on Plaintiff's motion for appointment of pro bono counsel. Op., Feb. 10, 2025, D.E. 5. Judge Wigenton allowed the excessive force claims against Defendants to proceed. *Id.* ¶ 6. However, Judge Wigenton dismissed without prejudice unspecified claims against three other parties, reasoning Plaintiff failed to allege facts connecting them to the incident. *Id.* ¶ 7.

The Court denied Plaintiff's pro bono counsel motion because Plaintiff failed to address whether appointment of pro bono counsel was warranted according to the framework established in *Tabron v. Grace*, 6 F.3d 147, 153-57 (3d Cir. 1993). Op., D.E. 5 ¶ 10. The accompanying Order directed Plaintiff to submit USM-285 forms so the named Defendants could be served process. Order, D.E. 6. As of the writing of this Opinion, Plaintiff has not submitted those

2

forms, and Defendants have not been served. Plaintiff filed the instant application on July 29, 2025. D.E. 12. Plaintiff has since been released from prison and is no longer confined. Updated Address Letter, Aug. 28, 2025, D.E. 13.

### III. DISCUSSION

In civil actions, court appointment of pro bono counsel is neither a constitutional nor statutory right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Instead, district courts have broad discretion to appoint counsel for those unable to afford it pursuant to 28 U.S.C. § 1915(e). *Montgomery v. Pinchack*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron*, 6 F.3d at 153); *Washington v. Ellis*, Civ. No. 17-7243, 2020 WL 6423595, at *2 (D.N.J. Nov. 2, 2020). This decision is to "be made on a case-by-case basis." *Abuiz v. Brennan*, 443 F. App'x 703, 707 (3d Cir. 2011) (quoting *Tabron*, 6 F.3d at 157-58). Moreover, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499; *Houser v. Folino*, 927 F.3d 693, 700 (3d Cir. 2019).

As a threshold issue, courts must determine whether a plaintiff's case has "some merit in fact and law." *Montgomery*, 294 F.3d at 499. If it does, the Court then must weigh the following six factors, as enumerated in *Tabron*, to determine whether a pro se plaintiff is eligible to receive pro bono counsel:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> (4) the plaintiff's capacity to retain counsel on his or her own behalf;
> (5) the extent to which a case is likely to turn on credibility determinations, and;
> (6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57).

Because Judge Wigenton allowed Plaintiff's excessive force claims to proceed, the Court will assume that Plaintiff's claims have some merit in fact and law. Op., D.E. 5, ¶ 7. However, after considering the remaining six *Tabron* factors and Plaintiff's motion, the Court concludes that the appointment of pro bono counsel is not appropriate at this time.

The Court begins by considering the first *Tabron* factor: the ability of a plaintiff to present his or her own case. *Montgomery*, 294 F.3d at 499. On this factor, courts generally consider the movant's "education, literacy, prior work experience, prior litigation experience, . . . ability to understand English, and the [] restraints due to confinement." *Woodham v. Sayre Borough Police Dep't*, 191 F. App'x 111, 114 (3d Cir. 2006) (citing *Montgomery*, 294 F.3d at 501). Courts also consider the extent of a plaintiff's "access to necessary resources like a typewriter, photocopier, telephone, and computer." *Parham*, 126 F.3d at 459; *see also Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992) (finding the extent of a prisoner's access to a law library and other legal materials relevant to plaintiff's ability to present his own case).

Regarding this factor, Plaintiff's second motion for appointment of pro bono counsel solely avers he "has very limited knowledge of the law . . . along with psychological trauma." Plaintiff offers no documentation supporting his claims of psychological trauma. Additionally, Plaintiff does not argue facts relevant to his "education, literacy, prior work experience, prior litigation experience, . . . [] ability to understand English." *Woodham*, 191 F. App'x at 114. The Court recognizes Plaintiff initially may have had limited access to the prison law library. Am. Compl., D.E. 12 at 2. Having been released, however, Plaintiff no longer suffers "restraints due to confinement." *See Woodham*, 191 F. App'x at 114. Plaintiff's motion is silent regarding his "access to necessary resources." *Parham*, 126 F.3d at 459. However, the Court recognizes

4

Plaintiff's handwritten second motion for appointment pro bono counsel appears to have been drafted with assistance. *Compare* D.E. 12, ¶ 4 *with* D.E. 1. In sum, while presenting his legal case may be laborious, Plaintiff does not demonstrate that he is incapable of advancing his arguments. Thus, the first *Tabron* factor weighs against the appointment of pro bono counsel.

The Court next weighs the second *Tabron* factor, the complexity of Plaintiff's case. *Montgomery*, 294 F.3d at 499. Complexity supports appointment "where the law is not clear, [as] it will often serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 F.3d at 156 (quoting *Maclin v. Freake*, 650 F.2d at 889 (7th Cir. 1981)); *accord Montgomery*, 294 F.3d at 502-03. In assessing this factor, courts consider the complexity not only of the ultimate issue of the case but of the proof and discovery that issue entails. *Parham*, 126 F.3d at 459; *see also Montgomery*, 294 F.3d at 502-03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised the plaintiff's case). Furthermore, this factor should be considered in conjunction with evidence speaking to the plaintiff's capacity to present his own case. *Montgomery*, 294 F.3d at 502 (citing *Tabron*, 6 F.3d at 156).

Although some excessive force claims are more complex than others, Plaintiff offers no support for his contention that his claims "present novel and complex issues." *See* D.E. 1, at 3. Plaintiff further fails to specify facts rendering his case too difficult to present without the assistance of counsel. Accordingly, this factor also weighs against granting Plaintiff's motion.

The Court next considers the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue that investigation. *Montgomery*, 294 F.3d at 499. "[I]n weighing a request from an indigent civil litigant for appointment of counsel, courts should consider a prisoner's ability to gather facts relevant to the proof of his claim." *Id.* at 503.

Moreover, "[c]ourts should further consider that 'it may be difficult for indigent plaintiffs to understand the complex discovery rules' in investigating their claims." *Id.* (quoting *Parham*, 126 F.3d at 460). "More generally, the court may also consider the extent to which prisoners and others suffering confinement may face problems in pursuing their claims." *Tabron*, 6 F.3d at 156. "This is not to say that counsel should be appointed in every potentially meritorious claim by an indigent prisoner where some investigation may be required." *Montgomery*, 294 F.3d at 503.

In his renewed motion for appointment pro bono counsel, Plaintiff again fails to argue this issue, which weighs against appointment. Additionally, the conditions of Plaintiff's confinement cannot tip the scales in his favor, as Plaintiff is no longer incarcerated. However, the Court must allow that at least some factual investigation will be necessary, insofar as an excessive force allegation may be a fact-sensitive inquiry. Therefore, this factor is neutral.

The Court now looks to the fourth *Tabron* factor, which concerns a plaintiff's capacity to retain counsel on his or her own behalf. *Montgomery*, 294 F.3d at 499. Plaintiff last filed an IFP application on December 2, 2024. Appl. to Proceed IFP, D.E. 3. As explained above, that application was granted on December 5, 2024. Order, D.E. 4. Plaintiff's indigent status has not materially changed since then. Mot. for Appointment of Pro Bono Counsel, D.E. 12. Plaintiff's indigency would typically weigh in favor of appointing counsel, though this factor alone does not justify appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002). However, Plaintiff is no longer incarcerated and has not updated the Court regarding attempts to retain counsel outside of prison. Accordingly, this factor is neutral.

In assessing the fifth *Tabron* factor, the Court considers the extent to which Plaintiff's case is likely to depend on credibility determinations. *Montgomery*, 294 F.3d at 499. "[P]ro

6

bono counsel may be warranted when witness credibility is a key issue and when the factfinder must decide between conflicting testimony." *Davis v. Burke*, No. 19-10620, 2022 WL 970220, at *3 (D.N.J. Mar. 30, 2022) (citing *Tabron*, 6 F.3d at 156). Of course, most cases involve credibility determinations. *Parham*, 126 F.3d at 460. However, such determinations only weigh in favor of appointing counsel if the case would ultimately involve "solely a swearing contest" between witnesses. *Id.* Because neither Plaintiff's complaint nor his second motion for appointment of pro bono counsel directly address this factor, the Court cannot conclude that the outcome of this case will depend solely on a swearing contest among witnesses. Thus, this factor is neutral.

In assessing the sixth and final *Tabron* factor, the Court considers whether Plaintiff's case will require testimony from expert witnesses. *Montgomery*, 294 F.3d at 499. "[E]xpert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person." *Id.* at 504 (citing *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987)). Plaintiff does not address whether expert testimony may be necessary for his claims. Thus, the sixth factor weighs against appointment.

With three factors weighing against and three factors neutral towards appointment, the Court finds that, on balance, the *Tabron* factors weigh against the appointment of pro bono counsel. If circumstances arise that resurrect the question of whether the appointment of pro bono counsel is warranted, Plaintiff may file a renewed motion that addresses the deficiencies outlined in this Court's Opinion.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for the appointment of pro bono counsel is **denied** without prejudice. The Court shall issue an accompanying Order.

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer,**
**United States Magistrate Judge**

**Dated**: September 22, 2025